Case number 20-58-77 John Shufeldt v. Baker Donelson Bearman Caldwell & Berkowitz, P.C. Oral argument not to exceed 15 minutes per side. Mr. Winter, you may proceed for the appellant. Thank you. My name is Gus Winter. I represent Dr. Shufeldt and I've requested to reserve five minutes of my time for rebuttal. This case is subject to the Sixth Circuit's published opinion in the case of Audio Technica v. United States, which was decided last June and which reversed a finding of the lower court that judicial estoppel applied in that case. Audio Technica provides a judicial estoppel. First, judicial estoppel bars a party from asserting a contrary position under oath in a prior proceeding under circumstances where the first court accepted that inconsistent or contrary position, such that it would be fair to conclude that acceptance of a contrary position in the second court would lead to the perception that one of the two courts has been misled or deceived. There's a finding that it requires... Counselor, can I, I think we, yeah, we're pretty comfortable with the, probably with the standard. Can I, can I ask you how, this is how I see this case and tell me if I'm wrong about this. And I'm just using hypothetical numbers. You think the company owes you a million dollars and that your law firm fell down and failed to notify you of a limitations problem, which potentially gives you a million dollar claim against the law firm. But instead of pursuing that claim initially against the law firm, you pursued a claim against the company to potentially recover monies that would help compensate the million dollars you believe you're owed. You've now recovered some amount of money from the company and you're seeking to recover from the law firm, the amount that's $1 million less, whatever you've recovered in this hypothetical world. And your case essentially is trying to remedy the outstanding loss you feel still hasn't been compensated. Is that, is that basically right? I think it is, your honor. And so you're not, you're not trying to have a double recovery, for example. You're not trying to get a million dollars from the law firm plus whatever you've already recovered, which would seed with the value sort of your original claim. Not at all. And this is not something where my client is attempting to recover a windfall more than his total damages. What it is, is a case of, I would liken it to a comparative fault scenario where it's, it's the plaintiff is entitled to full compensation for the injury sustained, and he's not seeking any more than that. And as we've said, Baker Donaldson Bierman is entitled to a credit for the settlement amount achieved in the prior action. So can I ask you one related question? You know, one of the themes of your argument is that the parties had kind of agreed that this would be the scenario. There was a stand down or tolling agreement signed where there was, you know, in essence, an agreement that this is how things would operate, but what in the record supports that notion? I know you've sort of said it in your brief, but what in the record suggests that the parties sort of agreed that you would sue the company first before potentially taking any action against the law firm? Well, the tolling agreement, first, it states that the claim against the law, law firm is told during the pendency of the action. And second, what the tolling agreement speaks to is that both parties recognize that there is a benefit here. And that from the standpoint of the law firm, that depending on how things proceed in the first case, they might not be sued at all. Well, I don't think it quite says that. I mean, it just, it just says, I mean, one, it just says mutual interest. So that's pretty ambiguous. And two, the agreement has a number of provisions saying you can't sort of use the statements in there against the, against the firm. Is there anything outside of this agreement that sort of supports that view of the case, which I might be sympathetic to, but I, other than sort of you saying it, maybe the law firm will acknowledge it. I'm not sure. But is there anything else that would suggest that's what was going on here? Well, I believe what the tolling agreement speaks to is that the distinct possibility that litigation could, between the two parties could be avoided. And that's, that is part of the record. What about the argument that the court, the courts are not actually being misled here, because in the first case, the matter was not determined on the merits or litigated to judgment. And there's simply a settlement there and litigants entitled to make alternative arguments in any event. Yes, Your Honor. And I think that's a critical point. This case, of course, was settled. There was certainly no finding by the Arizona judge that there was, that the statute of was met, that the court just did a standard Rule 12b-6 analysis, accept the pleading statements as true, and said, we can't make that determination yet. So given the standards for judicial estoppel in this circuit, the settlement precludes any finding of judicial estoppel. Are you making any claims? So I guess, to have symmetry between what the court found in the Arizona case, are you making any claim in this litigation that the statute of limitations has run as a matter of law, such that there was no need for any type of fact finding on whether it has run? Well, I think that if there were findings of fact made in the Arizona case, in the Arizona proceeding, then that would be something that would be basically a collateral estoppel type of argument. But there was an absence of... But there was a finding that there's a but there was a finding at the motion to dismiss stage that you need fact findings to determine whether the statute of limitations has run, meaning that it wasn't clear. So I assume that judicial estoppel, there might be an inconsistency to the extent your suit in this case is claiming, as a matter of law, the statute of limitations has run and we don't even need to get into facts, and they were clearly negligent on that basis. You see what I'm saying? That there's that the point would be that that could be deemed inconsistent, if your suit in this case were to be that, just straight up, we don't need facts. It was clear that the statute of limitations had run. That's not what we're claiming. It's a matter of proof. And I would add that the amended complaint also pleads in the alternative that, at a minimum, the delay of the defendant attorneys, which is accepted as true for purposes of where we are right now, at a minimum, created a potentially viable affirmative defense in the Arizona proceeding that did not exist and would not have existed if the defendant law firm had had exercised due diligence and complied with I think the court is familiar with the basics of judicial estoppel and, again, I would believe the audio technica case spelled it out very clearly. One last point I would add before my first 10 minutes are up is that there's also a real problem with the nature of the subject of limitations issue, which in this circuit is a question of law, not a question of fact. And it's really not appropriate subject matter for a judicial estoppel argument. And I've cited a couple cases in my brief to that point. Unless anyone has any further questions, I'll rest and save the rest of my time for rebuttal. All right. We'll hear from your opposing counsel. Good morning, Your Honor. Scott Sims of the Nashville Bar here on behalf of the appellee, Baker Donaldson. We submit that this is a classic case for the application of judicial estoppel and that the district court got it exactly right. I mean, Dr. Shufelt took the position in the Arizona litigation that his claims were timely filed. He defeated a motion to dismiss and he garnered a $2 million plus settlement. And then he comes to the middle district of Tennessee and he claims unequivocally that his claims were not timely filed and it was Baker Donaldson's fault and he's seeking additional millions. It's this kind of chameleonic litigation tactics that... Your Honor, if you could speak to counsel. So the way I described the case to Mr. Williams, is that you essentially agree with that's what's on here? Just in terms of how to frame the case? Well, he has argued that he's not going for a double recovery. The problem with that is that judicial estoppel is to protect the judicial system. It's not to, you know, make sure that the plaintiff doesn't get a double recovery. It's to make sure that people don't go to one court and assert a position that the judge acts upon either in a preliminary matter or the mayor. There's an unfair advantage prong. So one of the third prong of the test, I think, in our circuit is unfair advantage. I think everyone agrees about that. What's the advantage to you from the way I described the case? Assuming and he's committed on the record today that he's not seeking a double recovery. So in any proceeding, if there's a remand, presumably he's stuck to that concession if he hasn't made it otherwise. Yeah. Well, if you look at the Watkins case, it's on all fours with this case where the woman got a settlement from the hospital on behalf of her minor child and testified that the settlement was fair and in the best interest of the child and then later sued her lawyer for malpractice and said that he convinced her to settle on the cheap to take his own skin because he had engaged in some skullduggery in the litigation. And the Watkins court found unfair advantage by the flip flopping and the and the second recovery against another party, even though one Watkins is unpublished and two of these cases are really fact specific. And there's a statement in that case where the party had testified that it was in their best interest to settle. And we don't have some of those factors here. But I'm really struggling just in the facts of this case, how there's unfair advantage to the law firm. And I don't think the answer can be that it's an inconsistent position, because that's the first prong. So if there's an inconsistent position, which I may or may not agree with, that might satisfy the first prong, but it's really struggling on the unfair advantage. I mean, among others, we can talk about other prongs, too. But yeah, well, I mean, I think you're right in the sense that I see this primarily as an abuse of the legal system, not necessarily an abuse of bankruptcy. But this is an equitable doctrine with no rigid formulation. And the other factors are present in spades. So even if you were not to find a strong unfair advantage position, I think the district court should still be a part of it. I mean, did Baker Donson want she felt to do this? I mean, that's kind of how you that's kind of the conclusion you would draw from the tolling agreement. I'm not saying we have to and there's reasons but it almost seems him to do that. In other words, there's some inducement to do it and then on the backside claim estoppel. Yeah, several responses to that. First of all, Baker Donaldson did not want to be sued. So anything that would hold off a lawsuit, you know, by giving tolling, you know, that's fine. But that's all the tolling agreement did. It only told time related defenses, it was not an argument. It was none of that. And second of all, the, the, it really is what she felt choice as to who to go to first, and whether to press one position to acceptance before suing the other party could have sued both, but want to do that as a matter of strategy. So it's not an inducement, it was a strategic choice by Dr. Schutho. Would you necessarily say it was a strategic choice, though, because I assume that they sued you first, or excuse me, sued the law firm first, that the law firm would assert a defense of mitigation, they had a duty to mitigate their damages. And I would think that mitigation of damages would be attempting to sue the other entity. Well, I think the law firm would take the position that they are negligent. Well, assuming Okay, that would, they would take both positions, right? You would say, we weren't negligent. But even if we were negligent, you had a duty to mitigate damages. And the stat, it was unclear whether the statute of limitations had run. So you should have sued the other entity to litigate that issue. And you could have avoided it. But I think it's all the I mean, either the statute ran or didn't run. And if it didn't run, there's no possible negligence. And it didn't run. There's no possible claim. I mean, you know, I don't know that I would. That gets back to the kind of whether the court accepted the position. But the way I understand the Arizona State Court, it just said that there are fact questions that issue that we will need to resolve. And in my mind, that just suggests that there is a risk that the statute of limitations had run. So there's a risk that a court or a jury would find that it had run. And that risk, reduce the settlement value of the claim against that party. Because, because the party could come back and say, yeah, you this claim is worthless, because the statute of limitations has run. So that we settled for less, because of the risk that we would lose on the statute of limitations defense. And that is the risk that was created, at least allegedly, because this is at the complaint stage by your counsel's negligence. And I don't necessarily see how that's inconsistent with basically saying there are fact questions on the statute of limitations in the Arizona case. Yeah, well, I think the district court properly addressed that. And it is. There can be no malpractice. If the statute didn't run. This this risk of a defense is, I think, has some superficial appeal. But the question is, was the suit timely filed or not? Because, you know, people come into to lawyers and they file one day before the statute, you know, this happens all the time, I would submit to you that malpractice occurred only at the statute of limitations. Did the did the court in Arizona make a finding on that issue? Well, the court, the court in Arizona, adopted she took she felt representation that he could not have discovered his claim until he received corporate documents from next care. The court accepted that to say, motion to dismiss denied. Now, did the court ultimately resolve that on the merits? No, but we know from the case law, that a merits ruling is not required, it's either in a preliminary matter, or on the merits. And this clearly was a preliminary matter and every circuit that's addressed the issue in synopsis, the Second Circuit, and the Southern District of New York have all concluded that a defeating a motion to dismiss is judicial acceptance. And there's no no law to the contrary. And there's different ways you can defeat a motion to dismiss. I mean, you can sort of defeat it in a final way, which is I read the law x way. And so I'm denying your motion to dismiss and law the case for this case is that the law means x claims proceed. And then there's this example where it basically just pushed the decision for another day, based expressly on just saying, not really a legal determination in terms of the law means this, but just the facts are unclear. And we have to resolve that summary judgment. Well, if you look at the synopsis decision there, the party defeated the most dismissed by saying, Oh, our claim is not based on a breach of contract. So the court didn't make any finding as to what the actual claim was the party, the court accepted the party's representation here, had she felt not represented that he didn't discover his claim until late, then the court would have granted the motion. So by making a representation, which he is now directly contradicted, he enacted the machinery of the court. And that that is acceptance under the case law. The with respect to the inconsistent positions factor, let me also hit the under oath requirement. Dr. She felt has argued that judicial estoppel doesn't apply because his Teledyne case which was predated the New Hampshire case from the Supreme Court that did not impose an under oath requirement and itself did not require the prior position to be under oath in order to impose judicial estoppel. So it's unclear in the circuit, whether under oath survives, but we now have two opinions, Valentine Johnson and Barrett Holdings, that that say that statements and made pursuant to Rule 11 are the equivalent of, of an under oath statement to the extent that element still survives. And that makes sense, because we're talking about an equitable doctrine with no rigid formulation. So that should not be a cause for concern. And then, you know, Dr. She felt really can't address those cases. So he basically says, Well, I'm allowed to plead inconsistently, and he cites the city of Kingsport case. And that is true, you can plead inconsistently, what you can't do is press a position to judicial acceptance, and then reverse field and the Barrett Holdings court address that, in particular, that type of argument. So I think that holds any water. And then the idea that these cases, effectively over overruled Teledyne, we also think does not pass muster. Because, again, you have an intervening Supreme Court case. And you have a statement that this is not subject to rigid formulation. So this is either a reasonable extension of Teledyne, or it's justified by the Supreme Court case. Can I ask a question about Teledyne going back to the judicial acceptance prong? Teledyne had a paragraph, had a paragraph suggesting that even the grant of a preliminary injunction, which requires a likelihood of success on the merits, would not be considered a judicial acceptance. And I'm in particular thinking of the line where the court said, reasonable cause, which was the injunction standard in the NLRB context, reasonable cause to believe a position is not judicial acceptance of that position. That suggests to me that even the grant of a preliminary injunction would not be enough to satisfy the judicial acceptance prong, which I think would be an easier case than the denial of a motion to dismiss on the basis of a fact that there's findings of fact at issue. So I wonder if you could talk, you know, you may not know about this paragraph in Teledyne, but that's essentially what Teledyne said with respect to injunctions in the NLRB context. Yes, Your Honor, I really honestly don't recall that that paragraph. But I do think that the case law that I've seen, all the case law indicates that any time you take a position in the court, and you cause the machinery of the court to move, that judicial acceptance has occurred. For example, there's a case where, you know, a court issued a discovery order based on a position of a party, not in no way dispositive or marriage related, just a movement of the machinery of the court. So my response to that would be, you know, I would have to read that case closely. But I don't believe that it means you get all the way to a marriage finding because courts, I mean, the holdings are replete, that that is not the standard final disposition. Preliminary matters count. Since my time is short, are there other areas that are particularly concerning to Your Honors that you'd like me to address? Counsel, I don't want to take all the time, but the district court relied on an argument, I think you're making still today, but I want to ask, and that's with respect to the fundamental unfairness point, you sort of invoked the third party interests of the company and saying this is a confidential settlement, and there's aspects of it that shouldn't be revealed. I mean, during argument, you've revealed the amount, I guess, of the settlement, but are you still making the that relate to a third party who didn't participate in this case that we should consider as part of the unfair advantage analysis? Well, that's what Watkins would teach us. I do recognize the incongruity of, you know, the fact that a lot of the facts of the settlement are in this record. But you also have the fact that NexCare bargained to end litigation, end its involvement in litigation over these matters, and they're going to be front and center in discovery in this case if it goes forward. I mean, they are going to be heavily deposed, and that's contrary to what they bargained for with Shufill. Did they file anything in this proceeding stating that, or is it essentially your client asserting their rights? That's my client saying that in order to defend ourselves, we will have to take significant discovery of NexCare and its I've gotten there. All right. If there's nothing further, you're just about out of time. That's it. I appreciate your time, Your Honor. All right. Will you rebuttal? Yes, Your Honor. Just two or three points. To Judge Murphy's question about unfair advantage to the defendant in the Arizona case, NexCare. NexCare was well represented and multi-tier representation was afforded to that party in the Arizona case. And the settlement agreement does not include any provision that all parties or non-parties were released. In other words, if NexCare wanted to be sure that it was never going to have to be hit with a deposition request in the subsequent proceeding, it could have bargained for a release that would have prevented Dr. Shufill from filing suit in regard to this matter against anyone. NexCare didn't do that. And NexCare has participated in this case, at least collaterally to the extent that it has been requested to give discovery out in California. That was initiated by Baker Donaldson Bierman. Second to Judge Radler's question about findings of fact and in regard to the Teledyne case, I think there's a good point to be made there because you're right. There was an injunction prohibiting certain conduct of employees who were subsequently discharged by Teledyne. But for the Sixth Circuit, the critical point was that there was no finding of fact that the discharged employees had actually done anything wrong. Similarly, in this case, and I would quote the district court in Nashville on this case, that the district court said essentially that the Arizona judge said only that it could not determine whether claims were time-barred and thus could not dismiss them. These cases, when they talk about judicial acceptance, at least in the Sixth Circuit, speak to the court being deceived or misled or convinced. There was absolutely none of that going on with the Arizona court. And finally, I do want to address the under oath issue. The defense counsel suggested that somehow the under oath requirement in the Sixth Circuit that Teledyne speaks to and Audio-Technica speak to was somehow overridden by the Baird case, which is unpublished, or the Valentine-Johnson case, which granted was a published decision, but under the Sixth Circuit rules 32.1b, Valentine-Johnson cannot override or necessitate the under oath requirement unless it was an unbanked opinion, which it was not. So I would submit that the under oath requirement still is part of Sixth Circuit law, and the Supreme Court in New Hampshire versus Maine did not intend or did not undertake to dictate to the circuit courts an absolute rule as to what is and what is not judicial estoppel. Thank you very much. Counselor, can I just ask you, your friend on the other side, one of his primary arguments was to point to our decision in Watkins. I'm not sure if you've had much to say about that yet. Should we follow Watkins? Is it distinguishable? What's your two cents? It is certainly contrary to this case. It is, of course, unpublished, and it doesn't overrule existing published authorities under 32.1b. It's simply persuasive authority, but it cannot overrule prior decisions. And really, I would ask the court to take a look at the dissenting opinion in Watkins, which basically said, and I think this is consistent with the point your honor was making earlier, that holding two different tort feasors liable for their share of damage to a plaintiff is not unfair. There's nothing wrong about that. And I think the majority opinion in Watkins relied heavily on a Supreme Court case from the state of Idaho. I would simply say that that case is not binding on this court. It's inconsistent with the published authorities, and it should not be filed in this instance. All right. Thank you very much. Thank you, and the case is submitted.